### *BELLEVUE BANK v. ADALINE HIGBEE.

LIEN OF COMPANY ON DIVIDENDS—BY-LAWS.

A savings and loan association, under its general powers to make regulations, may make a rule that the directors may withhold dividends from a stockholder who is indebted to the bank, until the indebtedness is paid. And where the rule was in existence at the time the stock was issued to a stockholder whose partnership became heavily indebted to the bank, and the directors ordered the dividends to be withheld, a mere donee of such dividends to whom they were assigned without consideration by such stockholders, cannot recover them from the bank, the indebtedness being unpaid.

ERROR to the Court of Common Pleas of Huron county.

This is an action brought by Adaline Higbee to recover six semi-annual dividends, declared by the defendant bank in April and October of the years 1884-5-6, on its capital stock, to which Joseph B. Higbee and Jay A. Higbee, it is claimed, are entitled on the shares held by them during that time in the capital stock of the bank, to-wit, 100 shares owned by Joseph B. Higbee and 40 shares owned by Jay A. Higbee, of the par value of $100 each, and which dividends plaintiff alleges were by them assigned to her. There are thirteen causes of action contained in the petition, in the first six of which plaintiff sets out her claim, as assignee, to the amount of the semi-annual dividends, of 2.4 per cent. each, declared during those three years on the 100 shares of stock of Joseph B. Higbee, amounting to $240 each, with interest; and in the next six causes of action plaintiff sets out her claim, as assignee, to the semi-annual dividends during the same years on the forty shares of stock of Jay A. Higbee, amounting to $96 each, with interest. Besides, the petition also contains a thirteenth cause of action, which it is unnecessary to set out, as plaintiff in error concedes that defendant in error is entitled to recover upon it.

In its answer the Bellevue Bank denies the allegations of the petition, except that it is a corporation organized for and doing a banking business at Bellevue, Ohio; that its capital stock is divided into shares of $100 each; that said Joseph B. Higbee subscribed and paid for one hundred shares thereof, and the said J. A. Higbee subscribed and paid for forty shares thereof.

The answer continues:

"For a further and second defense to the matters and things contained in the first twelve causes of action stated in said petition, the defendant says that on the subscription by the said Joseph B. Higbee for said one hundred shares, and by said J. A. Higbee for said forty shares, it was agreed by the said Higbees and all other subscribers to the capital stock of said bank, with said bank and between themselves, that the interest respectively of the owners and holders of the shares of the capital stock of said bank should be evidenced by a stock certificate, which should provide that said stock should be transferable on the books of the bank by the owners thereof, in person or by attorney, only upon the surrender of the certificate evidencing the holder's right to said shares, and that said stock should be subject at all times to all the conditions, restrictions and stipulations in the regulation and by-laws of said bank, as the same, either at

---

* This judgment was affirmed by the supreme court, without report, December 6, 1892.

that time or thereafter, should be made and ordained by the said banking association.

"The defendant further says that prior to the declaration of any dividend upon the stock owned by either of the said Higbees, there was issued by said bank to the said Joseph B. Higbee, and by him received, as evidence of its ownership, and the extent thereof of said stock, a stock certificate certifying that said Joseph B. Higbee was entitled to one hundred shares of the capital stock of said bank, which was transferable on the books of said bank, only upon the surrender to the said bank of said certificate, and that the same was subject to all the conditions, restrictions and stipulations in the regulations and by-laws of said bank.

"The defendant further says that a certificate of like tenor and purport was issued by said bank to and received by the said J. A. Higbee for said forty shares of capital stock standing in his name, subject to the same restrictions and stipulations.

"The defendant further says that by the regulations and by-laws of said bank to which said certificate refers, it was expressly provided that the stock of said banking company should be assignable only on the books of the company subject to the restrictions and provisions of the by-laws thereof, and a transfer book should be kept in which all assignments and transfers of stock should be made, and that when stock was transferred, the certificate thereof should be returned to the bank and cancelled, and a new certificate issued therefor; and that no transfer of stock of the bank should be made without the consent of the board of directors by any stockholder, who should be liable to the association either as principal debtor or otherwise; that transfers of stock should not be suspended preparatory to a declaration of dividends, and except in cases of agreement to the contrary expressed, any assignment of dividends should be paid to the stockholders in whose name it stands on the day the dividends are declared; and further that the directors of the bank might hold back dividends on the stock of any stockholder, who should be liable to the association either as principal debtor or otherwise, and that no assignment of dividends should be made while such liability exists without the consent of the board of directors of such bank.

"The defendant avers that said regulations existed at the time of the issue of the stock to the said Higbees, and have continued to exist from thence hitherto, and now exist, and said Higbees received their stock with the full understanding and agreement upon their part to be bound by such regulations, and fully assented thereto.

"The defendant further says that at the date of the declaration of each of the dividends mentioned and alleged in said petition to have been made on the one hundred shares of stock standing on the books of the bank in the name of the said Joseph B. Higbee, and from thence continuously to the present time, the said Joseph B. Higbee has been and still is owing and indebted to the said company as principal debtor, and otherwise, on matured promissory notes and money obligations, in the sum or sums largely in excess of all such dividends and of the value of the said shares of stock, because of which said indebtedness the directors of said bank have held back and directed the holding back of said dividends from the said Joseph B. Higbee; and that at the date of the declaration of said dividends on the shares of said J. A. Higbee, he was, and since then has been continuously to the present time, and still is owing and indebted to the said bank on matured promissory notes and money obligations as a principal debtor in the sum or sums largely in excess of said dividends, and of the entire value of said stock so standing on the books of said company in his name. Wherefore the dividends declared upon said forty shares of said stock so held by him, have been withheld and directed to be withheld by the directors of the said company from said J. A. Higbee. And the withholding of the dividends on the said one hundred shares of stock, and of the dividends on the forty shares of said

Vol. II. C. C.—33

stock, have been because the said bank has had a lien thereon, as above provided, to secure the indebtedness of the said Higbees respectively to the said bank; and said board of directors have never assented to the assignment of any of said dividends to any person whomsoever. And the defendant alleges that at the time of the pretended assignment of said dividends to the said plaintiff, she had full knowlege not only of the existence of said regulations and by-laws of said bank, but of the fact that both of the said Higbees were, as aforesaid, indebted to the said bank on obligations then due to an amount largely in excess of said dividends."

The reply denies the allegations of the answer, except the averments that prior to the declaration of any dividend upon the stock owned by either of the said Higbees, there was issued by said bank to the said Joseph B. Higbee and said J. A. Higbee, stock certificates as are in said answer described.

The case was tried to the court, and judgment given for plaintiff for the full amount asked. On the request of the defendant the court below stated its conclusions of fact and law as follows:

CONCLUSIONS OF FACT.

The defendant is a corporation organized and doing business as alleged. About 1876, Joseph B. Higbee subscribed to the capital stock of said Bellevue Bank one hundred shares, and J. A. Higbee subscribed to said stock forty shares, and both subsequently paid all assessments upon said shares and stock.

Said shares were for one hundred dollars each par value, and certificates therefor were issued to said Joseph B. Higbee and J. A. Higbee in the form following:

No. 20. THE BELLEVUE BANK. $50.

Capital Stock, $100,000. Shares $100 each.

This certifies that J. B. Higbee is entitled to fifty shares in the capital stock of the Bellevue Bank, of Bellevue, Ohio, upon which eighty dollars per share has been paid, transferable only on the books of the bank, in person or by attorney, upon the surrender of the certificate, subject to all conditions and stipulations in the articles of association and by-laws.
Bellevue, O., Oct. 31st, 1877.

(Signed) ABISHAI WOODWARD, Vice-President.
(Bank seal.) (Signed) E. J. SHEFFIELD.
Incorporated September, 1876.

Dividends were accrued and were duly declared by defendant upon said shares at the time and to the amounts named in the first twelve causes of action first stated in the petition. Said dividends have not been paid, nor any part of them, by the bank, but are still retained by it.

And said Joseph B. and J. A. Higbee severally transferred and assigned in writing all their right, claim and interest in and to said dividends, to the plaintiff at the times named in the petition. Payment of said dividends was duly demanded from said defendant, and refused.

From November 15, 1883, to the present time, said Joseph B. Higbee and Jay A. Higbee were indebted to said bank in a sum exceeding $25,000.00. This indebtedness was created and primarily owed by the late copartnership of Higbee & Co., which was composed of Joseph B. Higbee, J. A. Higbee, Thomas W. Ward, Willis P. Collins, Thomas L. Branan; and all said indebtedness was a joint or copartnership indebtedness.

This indebtedness was secured by mortgage, but the court is unable to find that security was adequate. Said Higbee & Co. and the members of said firm are insolvent, and have been insolvent since November 15, 1883. No express nor actual agreement was ever made by said defendant, or any of its officers or agents, that said defendant should have any lien or any claim upon said certificates of

stock, nor upon any dividends to be declared thereon. December 3, 1876, the defendants adopted certain by-laws or regulations, as follows:

"Section 12. The stock of this bank shall be assignable only on the books of the bank, subject to the restrictions and provisions of the by-laws, and a transfer book shall be kept in which the assignments and transfers of stock shall be made, and where stock is transferred, the certificate shall be returned to the bank canceled, and a new certificate shall be issued.

"No transfer of the stock of this bank shall be made without the consent of the board of directors, by any stockholder, who shall be liable to the association, either as principal debtor or otherwise. Transfer of stock shall not be suspended preparatory to a declaration of dividends, and except in cases of agreement to the contrary expressed in the assignment, dividends shall be paid to the stockholders in whose name the stock shall stand on the day on which dividends were declared.

"Section 14. Any stockholders who shall fail to pay installments of his or her capital stock to this bank, agreeably to the terms of the subscription, or who shall fail to pay any obligations they may owe the bank when it becomes due, shall be fined one per centum per month until the said installments of capital stock or obligations are paid. And be it further provided for the security of this bank, that any stockholders having a loan from this bank or other indebtedness, or any stockholder failing to pay the installments of capital stock when due, and neglecting to do the same within sixty days thereafter, it shall be lawful for the trustees to declare his or her capital stock forfeited to the bank, and may proceed to sell the same at public sale by giving one week's written notice, posted up in some conspicuous place in the office of the bank, and the surplus of any such sale after deducting all expenses and amount due the bank, shall be paid over to the stockholders forfeiting the same.

"Section 23. The directors of this bank may hold back dividends on the stock of any stockholder who shall be liable to the association either as principal debtor or otherwise, and no assignment of dividends shall be made while such liability exists without the consent of the board of directors."

Which are copied into its record book, and are still unrepealed. Neither said Joseph B. nor J. A. Higbee, nor the plaintiff, had actual knowledge, either of the adoption, or the existence of said by-laws or regulations. Said Joseph B. Higbee was a director in the defendant corporation from 1877 continuously for five years.

Prior to October, 1883, said Joseph B. Higbee, J. A. Higbee and one Thomas L. Branan, formed a co-partnership under the name and style of Higbee & Co., with their principal office at Fremont, Ohio, for the purpose of dealing in wheat. On October 15, the said last named firm was indebted to the First National Bank of Fremont, in a sum exceeding $25,000 for money borrowed from said bank to carry on their business of dealing in wheat.

And said bank then desiring security from said firm for said indebtedness, said Joseph B. Higbee and J. A. Higbee, for that purpose, assigned their certificates of stock in said Bellevue Bank to said First National Bank of Fremont, by endorsing their names in blank on the back thereof, and delivering them to the cashier of the First National Bank of Fremont. Said defendant was duly notified of this transfer to said First National Bank of Fremont, of the stock on or before November 1, 1883.

The entire principal of said indebtedness to said First National Bank of Fremont remains unpaid, together with a large amount of accrued interest, and it still retains possession of said certificates of stock.

The defendant bank never had possession of said certificates, nor any of them, from the time they were issued and delivered as before stated.

Neither said First National Bank of Fremont, nor any of its officers or agents had notice or knowledge of the existence of said by-laws or regulations

of said defendant, nor that the defendant claimed any lien or interest in said stock further than is disclosed by said certificates of stock. The plaintiff paid no valuable consideration for said dividends assigned to her.

No transfer of said certificates of stock was ever made on the books of defendant corporation to said First National Bank of Fremont, nor was any such transfer requested or demanded from defendant.

Said First National Bank of Fremont never demanded payment of the dividends accruing or declared upon said stock, but claimed only the stock.

Nothing was said or agreed between it and the plaintiff, or between it and the assignors, in regard to dividends.

The amount of dividends accrued and declared upon said stock up to the time of the commencement of this action, are as follows, with interest from the times stated:

| | | |
|---|---|---|
| April 1, 1884, $336.00. | October 1, 1884, $336.00. |
| April 1, 1885, 336.00. | October 1, 1885, 336.00. |
| April 1, 1886, 336.00. | October 1, 1886, 336.00. |

The gross amount including interest to the 16th day of May, A. D., 1887, the first day of the present term of this court, being two thousand two hundred and thirty-two dollars, and eighty-nine cents.

Regarding the 13th clause of action, the court finds that prior to November 10, 1883, Joseph B. Higbee, J. A. Higbee and Eli J. Miller, were copartners doing business in the village of Clyde, Ohio, under the style of Higbee, Miller & Co., that certain persons or firms in Baltimore and Philadelphia were indebted to said Miller, Higbee & Co. That Eli J. Miller was the principal manager of the business, and in order to collect said sums so due he drew certain drafts or orders upon said parties in Baltimore and Philadelphia in the name of his said firm, and placed said drafts in the defendant bank for collection, and defendant collected on said drafts $561.00, the same being the money of said Higbee, Miller & Co. prior to November, 1883.

And on December 1, 1883, the defendant paid to said Eli J. Miller one-third, $187.00, of said money.

Said Miller had one-third interest in said firm. The remainder of said money, viz.: $374.00, said bank appropriated to its own use, and refused to pay any part thereof to Joseph B. Higbee, or J. A. Higbee, or either of them, or to their assignees; but claims to hold said $374.00 to apply upon, or as an offset to, the indebtedness of Higbee & Co. to said bank, and made out and signed a certificate of deposit for said $374.00, payable to Higbee & Co. when their indebtedness to said bank should be paid and discharged, and retained said certificate of deposit in their possession and still retain it.

The firm of Higbee, Miller & Co. was not indebted in any amount to defendant; neither Joseph B. Higbee nor J. A. Higbee authorized the defendant bank to credit the $374.00, nor to issue any certificate for it.

December 17th, 1886, said Joseph B. and J. A. Higbee, and said firm of Higbee Miller & Co., sold and transferred to the said plaintiff all their interest to the said $374.00, and defendant has never accounted for $374.00, and the same is justly due to plaintiff with interest.

The amount due on account of the money so received by defendant is $374.00, with interest thereon from December 1, 1883, amounting in the aggregate to $451.64.

## CONCLUSIONS OF LAW.

Upon the first twelve causes of action stated in the petition, the court states the following conclusions of law:

First—The defendant and its board of directors had no power nor legal authority to enact or enforce the by-laws or regulations which are in evidence, viz.: Nos. 12, 14, 23.

And said by-laws are without authority of law, illegal and void.

Second—Defendant has not and is not entitled to assert, nor to enforce any lien upon said capital stock, and is not entitled to withhold any dividends from said Joseph B. and J. A. Higbee, or their assignees, without notice.

Third—That the plaintiff is entitled to recover the amount of dividend accrued and declared up to the time of the commencement of this action, with interest on each dividend after thirty days from the declaration thereof.

Upon the 13th cause of action the plaintiff is entitled to recover. Upon receiving said money the defendant became indebted to Higbee, Miller & Co. for the amount received. One-third was paid to Miller, but the defendant arbitrarily withheld two-thirds of it, upon the assumed right to credit it upon the indebtedness of another firm to it. This it had no right to do. There is nothing to show any equitable grounds for so applying this. Miller having received his part, and there being no dispute that this $374.00 belonged to the other members of the firm of Higbee, Miller & Co., and they having assigned it to the plaintiff, she should have judgment for it, with interest from December 1, 1883, amounting, principal and interest, to $451.64.

By the Court.

Under sec. 9 of the act, "To incorporate Savings and Loan Associations" (70 O. L., 40), the Bellevue Bank had power to make the by-law mentioned as sec. 23 of by-laws in the finding of facts in this case set forth.

That under said by-law neither said Joseph B. nor J. A. Higbee had the right to claim of the bank the dividends in question, without the consent of the board of directors of the bank, until the indebtedness from them to the bank, set forth in the finding of facts should be paid.

The plaintiff below having paid no consideration for the assignment to her of the said dividends, but being a mere donee of the same, can have no better claim to the same against the bank than her said assignors, and cannot recover the same of the bank until said indebtedness is paid to the bank.

It follows that the court below erred in rendering judgment for said plaintiff below, upon the first twelve causes of action set forth in the petition.

The judgment of the court below will therefore be set aside and reversed. And this court proceeding to render the judgment which the court below should have rendered, does render judgment for the said Adeline Higbee upon the 13th cause of action set forth in the petition, and for the defendant below upon the first twelve causes of action set forth in said petition.